UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JO ANNE SOULE,<br><br>                Plaintiff,<br>v.<br><br>P.F. CHANG'S CHINA BISTRO, INC.,<br><br>                Defendant. | Case No. 2:18-cv-02239-GMN-GWF<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Memorandum of Attorney's Fees and Costs (ECF No. 21), filed on June 24, 2019. Defendant filed its Opposition (ECF No. 22) on July 16, 2019.

## **BACKGROUND**

On May 15, 2019, Plaintiff filed her Motion to Compel (ECF No. 14) and Defendant filed its Response (ECF No. 17) on May 28, 2019. Plaintiff filed her Reply (ECF No. 18) on May 31, 2019. The Court conducted a hearing in this matter on June 7, 2019. The Court found that good cause was not shown why Defendant's responses were not timely served or why objections should be allowed. The Court granted Plaintiff's request for attorney's fees and costs in preparing and filing her motion to compel and set a briefing schedule for Plaintiff's application for an award of attorney's fees and costs.

## **DISCUSSION**

The Supreme Court has held that reasonable attorney fees must "be calculated according to the prevailing market rates in the relevant community," considering the fees charged by "lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895-96 n. 11, 104 S.Ct. 1541 (1984). Courts typically use a two-step process when determining fee awards. *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). First, the

1

Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Id.* Furthermore, other factors should be taken into consideration such as special skill, experience of counsel, and the results obtained. *Morales v. City of San Rafael*, 96 F.3d 359, 364 n. 9 (9th Cir. 1996). "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed . . . [w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Second, the Court "may adjust the lodestar, [only on rare and exceptional occasions], upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar." *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Plaintiff requests attorney's fees in the amount of $3,650.00 for work performed in preparing her motion to compel. The amount is based on work performed by Sarah M. Banda, Esq. at an hourly rate of $500.00. Plaintiff's counsel's itemized billing entries show that 7.3 hours in attorney labor was spent in preparation for the filing of Plaintiff's motion to compel. Defendant does not dispute the amount of time spent in attorney labor but argues that counsel's hourly rate is unreasonable. After reviewing Plaintiff's counsel's affidavit and billing entries, the Court finds that 7.3 hours in attorney labor is reasonable. The Court, however, agrees with Defendant that counsel's hourly rate of $500.00 is excessive.

The party seeking an award of attorneys' fees bears the burden of establishing the reasonableness of the hourly rates requested. *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008)). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence-in addition to the attorney's own affidavits-that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Kiessling v. Rader*, 2017 WL 1128605, at *3 (D. Nev. Mar. 24, 2017), <u>objections overruled,</u> 2018 WL 1401972 (D. Nev. Mar. 20, 2018) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). The Court may also rely on its own familiarity with the rates in the community to analyze those sought in the pending case. *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

1       There is ample case law establishing that the upper range of the prevailing rates in this District is $450 for partners and $250 for experienced associates. *See, e.g., Sinayan v. Luxury Suites Int'l, LLC*, 2016 WL 4394484, *4 & n.4 (D. Nev. Aug. 17, 2016) (Navarro, C.J.) (collecting cases). In this case, Plaintiff seeks an hourly rate of $500.00 for Ms. Banda, an attorney who was admitted to the State of Nevada Bar in October 2010 and has practiced in the area of personal injury since being admitted. Plaintiff did not provide rate determinations in other cases for her counsel. The Court finds that $250.00 is an appropriate hourly rate for Ms. Banda and that Plaintiff should recover attorney's fees for 7.3 hours of attorney labor. As such, the Court awards attorney's fees in the amount of $1,825.00. Additionally, the Court awards the requested costs in the amount of $121.50. Accordingly,

      **IT IS HEREBY ORDERED** that Plaintiff's Memorandum of Attorney's Fees and Costs (ECF No. 21) is **granted** in the reduced amounts stated above.

      **IT IS FURTHER ORDERED** that Defendant is to make the payment to Plaintiff within 30 days of the issuance of this order unless an objection is filed.

      Dated this 26th day of July, 2019.

_____
GEORGE FOLEY, JR.
UNITED STATES MAGISTRATE JUDGE